IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MONTANA, MISSOULA DIVISION

| | |
|---|---|
| FAWN CAIN, TANYA ARCHER, and SANDI OVITT, | CV 12-181-M-BMM |
| Relators and Plaintiffs, | |
| -vs- | **PROTECTIVE ORDER** |
| SALISH KOOTENAI COLLEGE, INC., et al., | |
| Defendants. | |

This matter is before the Court on the Joint Motion and Stipulation for

Protective Order ("Stipulation"), executed by counsel for the Plaintiffs and counsel

for the Defendants.

Based on the Court's review of the Stipulation, and for good cause shown as

required by Rule 26(c)(1) of the Federal Rules of Civil Procedure, including the

parties agreement that documents produced in this action, or to be produced, will in

some instances contain private, confidential, educational, proprietary or personal

identifying information (all hereinafter referred to collectively as "Documents"),

the Court finds that a Protective Order should be entered in this matter governing the production of documents, records, data and materials produced, or to be produced, by the parties and nonparties to one another in this cause.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1.    All Documents produced in this case which the disclosing/producing party considers confidential shall be stamped and identified as "CONFIDENTIAL".  In the case of depositions, designation of the transcript or the portions of the transcript (including exhibits) which contain Confidential information shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all Counsel of record within thirty (30) business days after the receipt of the transcript of the deposition. All deposition transcripts shall be treated as containing Confidential information for a period of thirty (30) business days after receipt of the transcript.  If the designation is made during the course of the deposition, the reporter attending such deposition shall place the legend "CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO A COURT ORDER" on the cover of the transcript.  The parties may modify this procedure for any particular deposition through agreement on the record at such deposition, without further Court order.

2.    Subject to the provisions herein, no person shall be allowed to examine any Documents produced by a party or nonparty and stamped

STIPULATED PROTECTIVE ORDER

Confidential until the person has agreed to comply with the provisions of this Protective Order.

3.      The contents of any Documents produced by a party or nonparty and stamped Confidential shall not be reproduced, disseminated or otherwise communicated by the receiving party or their attorneys or any person acting by or on their behalf to anyone except as provided in this Protective Order.

4.      The Documents produced by a party or nonparty and stamped Confidential shall be available only to the following individuals:

        a.      The parties;

        b.      Counsel of record and their office personnel;

        c.      Experts and consultants retained by the parties for the preparation of trial of this case; and

        d.      The Court, the Court's staff, witnesses, and the jury in this case.

5.      For purposes of this Order, the Documents produced by a party or nonparty and stamped Confidential shall not be available to the following individuals for the following purposes, unless and until the Court considers and grants and exception to this Order.  It is expressly understood that by stipulating to this Protective Order, the parties have not waived and, in fact, expressly reserve, their right to seek further Order of the Court, along with preserving any objections to the same, for disclosure to the following individuals or entities:

STIPULATED PROTECTIVE ORDER

a.  Counsel for the requesting party to use in any other litigation, unless the parties to this agreement are parties to that litigation; and/or

b.  Any counsel representing any individual or entity alleging claims of bad faith, breach of contract or similar allegation against the disclosing party, except in this action.  Such disclosure may be made only after the counsel receiving the materials agrees to be bound by the provisions of this Order.

6.  Upon dissemination by a party of the Documents produced by a party or nonparty and stamped Confidential to any person, firm or organization allowed hereby, the disclosing party shall maintain a list of names, addresses, and employment capacity of all persons to whom the information is disclosed until the Documents are returned to the disclosing party or destroyed, or upon further order of the Court.  In addition, before any expert witness, consultant, contractor or any other person (except for Court personnel) not an attorney of record or their office personnel for a party in this case, is allowed to review any information subject to this Protective Order, such person shall sign an acknowledgment verifying their agreement to be bound by the Order.  Signed acknowledgments shall be kept by the disclosing attorney and copies shall be produced to all parties or their counsel upon request at the time of the expert witness disclosure.

7.  Each person examining the Documents produced by a party or nonparty and stamped Confidential, or to whom any of the contents thereof are

disseminated, hereby agrees to be subject to the jurisdiction of this Court for contempt or any other appropriate proceedings in the event of any violation or alleged violation of this Protective Order. A party alleging contempt or violation of the Protective Order shall bear the burden of proving such a violation.

8. This Protective Order is now effective until such time as all Documents and copies thereof produced by a party or nonparty and stamped Confidential are returned to the disclosing party or destroyed, unless the Order is otherwise modified for good cause shown.

9. Upon the final conclusion of this action, all Documents produced by a party or nonparty and stamped Confidential and subject to this Protective Order, as well as copies of these Documents made by any person must either be destroyed or returned to the producing party within sixty (60) days of a written request from the producing party. If Documents are not returned or destroyed, then this Order shall remain in full force and effect until such time as the Documents and all copies thereof are returned to the producing party, or destroyed, and confirmation of the destruction is given to the producing party.

10. Any Documents produced by a party or nonparty and stamped Confidential which becomes part of the Court file at any time shall be segregated from other filed documents, sealed and not available for review by nonparties.

STIPULATED PROTECTIVE ORDER

11.     By stipulating to the entry of the Stipulated Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

12.     Nothing in this Protective Order shall waive a party's right to challenge the propriety of any designation by another party or nonparty that the Documents are, in fact, trade secret or other confidential research, development, or commercial information, or contain private or personal information.  A party shall not be obligated to challenge the propriety of any designation of confidential information by another at the time of designation and a failure to do so shall not preclude a subsequent challenge to the designation.  If any party objects to any document classified as "Confidential" per this Protective Order re Confidentiality, that party shall notify the disclosing party's counsel of the objection.  Disclosing party's counsel then shall move the Court for a Protective Order for the specific objected-to document(s) within thirty (30) days of being notified of the objection.  During the period of time counsel is seeking a Protective Order for the specific objected-to document(s) and until such time as the Court rules on any protective motion, said document(s) shall remain subject to the terms and conditions of this Protective Order re Confidentiality.

STIPULATED PROTECTIVE ORDER

13. With regard to Documents stamped and produced as Confidential under this Protective Order:

a. The requesting party may, at its option, request production of the Documents in electronic format if such Documents are maintained electronically in the ordinary course of business. In the event of a dispute over the production of electronic records, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the requesting party may seek appropriate relief from this Court. Under such circumstances, the producing party bears the burden of proving the inconvenience, expense, or inability to produce the Documents in the requested format;

b. Any Confidential stamp placed on Documents shall be placed in such a manner that does not cover or mark any textual material;

c. The Documents stamped and produced shall be stored in a secure fashion to ensure compliance with this Order; and

14. If documents or information subject to any legally cognizable privilege or evidentiary protection (including, but not limited to, the attorney-client privilege or the work product doctrine) are inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of or an estoppel as to any claim of privilege or protection for such documents or information or any other documents or information. If such documents or

information appear on their face to have been inadvertently produced, they shall

immediately be returned to the producing party. Further, upon written notice of an

unintentional or mistaken production by the producing party or oral notice if notice

must be delivered at a deposition, the receiving party must promptly return or

destroy the specified document and any hard copies the receiving party has and

may not use or disclose the information until the privilege claim has been resolved.

If the receiving party disclosed the specified information before being notified of

its inadvertent production, it must take reasonable steps to retrieve it.

Should the producing party provide notice as provided above, the producing

party shall preserve the specified information until the claim is resolved. The

receiving party shall have ten (10) business days from receipt of notification of the

inadvertent production to determine in good faith whether to challenge such claim

and to notify the producing party by e-mail of an objection to the claim of privilege

and the grounds for that objection. The producing party will then have twenty (20)

business days from the receipt of the objection notice to submit the specified

information to the Court under seal for a determination of the claim and will

provide the Court with the grounds for asserting the privilege or protection. Any

Party may request expedited treatment of any request for the Court's determination

of the claim. Upon a determination by the Court that the specified information is

protected by the applicable privilege, the specified information shall be returned or destroyed, at the election of the producing party.

15.     Any party may request the modification of this Protective Order upon a showing of good cause.  By agreeing to this Protective Order, no party waives and expressly reserves any arguments or objections to such modifications.

16.     This Stipulated Protective Order has no effect upon, and its scope shall not extend to, any party's use of its own Confidential Documents, and nothing in this Stipulated Protective Order shall prevent a party or nonparty who has designated material as Confidential from agreeing to release any of the Confidential information from the requirements of this Stipulated Protective Order.

17.     The parties may retroactively designate materials already produced in discovery as subject to this Protective Order.  These documents shall be treated in the same manner as if stamped "CONFIDENTIAL".

18.     This Order does not apply to and shall have no effect upon evidence offered at trial.

DATED this 3rd day of January, 2018.

_____
Brian Morris
United States District Court Judge

STIPULATED PROTECTIVE ORDER

cc:    Trent N. Baker
       Martin S. King
       Megan Dishong
       John T. Harrison

STIPULATED PROTECTIVE ORDER